IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY BAYLOR                        :        CIVIL ACTION
                                   :
        v.                         :
                                   :
PHILADELPHIA PRISON SYSTEM, et al. :        NO. 10-cv-1468

## MEMORANDUM

Ludwig, J.                                                    August  11, 2010

    This is a prisoner civil rights case, 42 U.S.C. § 1983; jurisdiction is federal question,

28 U.S.C. § 1331.  The *pro se* complaint alleges that on September 19, 2009, plaintiff Troy

Baylor reported to sick call to receive his medication.  Complaint, section II.  Defendant Judy

Shaw is alleged to have given plaintiff the wrong medication at that time.  Id.  As a result,

plaintiff became ill.  Id.  Defendants Philadelphia Prison System and Warden Karen Bryant[1]

move to dismiss plaintiff's claims against them.[2]  For the following reasons, the motion will

---

[1] Also named as a defendant is Judy Shaw.  The docket reflects that plaintiff attempted to serve Shaw at the Philadelphia Industrial Correction Center, but the summons was returned unexecuted with a notation that Shaw was not a City employee.  Docket no. 6.

[2] When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "'accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.'" Yellowbird Bus Co. v. Lexington Ins. Co., 2010 WL 2766987, at *3 (E.D. Pa., filed July 12, 2010), quoting DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007).  The complaint must "put Defendants on notice of the essential elements of Plaintiff's cause of action and raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Twombly.  The complaint must contain "more than the-defendant-unlawfully-harmed-me accusation."  Id.  There is a difference between alleging an entitlement to relief - which, by itself, is not sufficient - and showing, through factual allegations, that the entitlement exists. Iqbal, supra, at 1950.  Only a complaint that includes the latter will survive a motion to dismiss.

be granted.

With respect to the Philadelphia Prison System, it is a municipal agency of the City of Philadelphia and, as such, has no separate existence of its own and is not subject to suit. Griffith v. Philadelphia Prison Systems, 2001 WL 876804, at *1 n.1 (E.D. Pa., filed May 18, 2001), quoting 53 P.S. § 16257 ("all suits growing out of [PPS's] transactions . . .shall be in the name of the City of Philadelphia."). Accordingly, all claims against the Philadelphia Prison System are dismissed.

With respect to defendant Bryant, the complaint does not contain any allegations against her, but merely names her as a defendant. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1195), citing Parratt v. Taylor, 452 U.S. 527, 537 (1981). Thus, the fact that defendant Bryant is employed in a supervisory capacity does not subject her to liability based solely on the actions of others. To state a cognizable claim against Bryant, the complaint must allege facts showing that she participated in violating plaintiff's rights, or directed others to violate them, or that she had actual knowledge of and acquiesced in the violation. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). It does not do so, and therefore, plaintiff's claims against her must be dismissed.

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

2